Nash, C. J.
 

 We thixrk there is error in the judgment below. The declaration contains two counts, the first upon a special contract, the second for money had and received. It is upon the second count that the plaintiff’s right to recover is principally contested before us. The case as to that count is simply this: (Here his Honor stated the material facts of the case as above, and proceeded: — )
 

 Among other pleas, the defendant pleaded the Statute of Limitations, and, upon this plea, the case has been argued before us, as it affects the second count — the first being out of the way. Two questions are raised: Can the plaintiff maintain his second count for money had and received? and if so, is his claim barred by the Statute of Limitations? Upon the first point, it is a general principle, that whenever one man receives money which belongs to
 
 *175
 
 another, and which, in natural justice and honesty, he ought to pay over, it may be recovered of him in an action for money had and received to the plaintiff’s use. To recover in such an action, the plaintiff must show, that in equity and conscience he is entitled to receive it.
 
 Stratton
 
 v. Rastall, 2 T. R. 366. Here the defendant, in making'a settlement with the Westbrooks, who were indebted to the plaintiff, agrees to receive what they so owed the plaintiff, as a credit on his account, and settled upon that footing with them. This is precisely the same, in legal contemplation, as if the Westbrooks had put into his hands so much money to pay over to the plaintiff. In equity and good conscience, he was bound to pay it to him for whom it was received. But it is said that there was no privity of contract between the plaintiff and defendant, without which the action cannot be sustained; that when demanded of him, the defendant refused to pay the plaintiff. Privity of contract is essential to maintain. this action, and we hold there is in this case, such privity; for the law implies it between the person whose money is received, and the person who receives it — and here the implication is strengthened by the previous understanding between the parties.
 
 Camp
 
 v. Thompkins, 9 Com R. 553. But again: the Westbrooks were debtors to the present plaintiff, and, in substance, placed in the hands of the defendant the money to discharge their debt; and though, before an appropriation of it by the defendant, or notice by .the plrintiff that he looked to him for the money, they might have revoked their direction, and taken the money out of his hands, yet the plaintiff, before the Westbrooks had so recalled the money, might maintain an action against the defendant. Brown on Actions 374.
 
 Poole
 
 v.
 
 Goodwin,
 
 4 Ad. & E. 94.
 

 But the main bearing of the defence is upon the Statute of Limitations. It is necessary, therefore, to ascertain when the plaintiff’s cause of action arose. In order to set the Statute in motion, the plaintiff must not only have a cause of action, but that cause must be complete. Until the demand made by the plaintiff, his cause of action was not complete; for, until then, the Westbrooks had a right to countermand their order. Br. on Actions, 372. It cannot be that two persons can have two antagonistic claims to the same piece of property. The legal title
 
 *176
 
 cannot, in such case, be in both at the same time. One man cannot make another his debtor, without his consent, as by officiously paying his debt for him; neither can a debtor discharge his debt to another, by placing the necessary funds in the hands of a third person, with directions to pay it over to the creditor. Before such effect can follow such an act, the assent of the creditor is requisite. As soon as he does so assent, the debtor is discharged, and the third person, or agent, becomes the debtor. When, therefore, A. receives money from B., to pay over to C., until C. does an act by which he recognizes the payment to A. as a discharge of the debt due by B., the latter may withdraw his authority to A. to pay the money to C.; but as soon as C. has accepted A. as his debtor for the amount, B.’s right to countermand his authority is gone, and the cause of action on the part of C. against A. is complete.
 
 Lamb
 
 v. Trogden, 2 Dev. & Bat. Eq., 190. And, further, in the language of Mr. Brown, page 379, if the party ordering the payment be a debtor, and the third party his creditor, the action lies, as there is no objection to it on the ground that the plaintiff is not a party to the consideration; because the debtor may be regarded as the agent of the plaintiff, when he paid the money to the defendant, and therefore the consideration does in fact move from the plaintiff — the debt being tire consideration.
 
 Lilly
 
 v. Hayes, 5 Ad. & E., 548.—
 
 Walker
 
 v. Rostron, 9 Mees. & Wel., 411.
 

 The plaintiff could not therefore maintain this action, until notice of some kind to the defendant, that he accepted him as his debtor, and looked to him for the money.
 
 Waring
 
 v.
 
 Richard
 
 son, 11 Ire. 77. Until then the defendant was at liberty to return the money to the Westbrooks, upon their request. The plaintiff’s right of action' was not complete, until such notice was given. The defendant was in no default until then; and then the Statute of Limitations is put in motion. In this case it did not begin to run, until the demand by the plaintiff, which being made but a short time before the writ issued, it is no bar to the action.
 

 Upon the first count the plaintiff could not recover. It is barred by the Statute. But upon the second, the Statute is not a ban See the case of
 
 Buchanan
 
 v. Parker, 5 Ire. 507.
 

 
 *177
 
 The judgment below is reversed, and judgment for the plaintiff according to the verdict, entered by agreement.
 

 Per Curiam. Judgment accordingly.